IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DANIEL HAWKINS
:
:
v. : Civil Action No. DKC 19-0884
:
PNC BANK, NATIONAL ASSOCIATION
:

**MEMORANDUM OPINION**

Plaintiff Daniel Hawkins filed a complaint in the Circuit Court for Baltimore City against PNC Bank, National Association, containing two counts: (1) for discrimination and hostile work environment under the Fair Employment Practices Act, Md. Code Ann., State Gov't § 20-101 *et seq.* ("FEPA") and (2) for constructive discharge under FEPA. As to each count, Plaintiff sought $75,000 in damages. (ECF No. 3). Defendant removed the action to this court, asserting diversity jurisdiction. (ECF No. 1). Plaintiff has now moved to remand. (ECF No. 10). For the following reasons, the motion will be denied.

I. Background[1]

Plaintiff, a gay male, worked as a banker at one of PNC's branches for several years. (ECF No. 3 ¶ 8). He claims that he was subjected to harassment based on sexual orientation, sex, or both prior to and continuing through his constructive discharge on

---

[1] The following facts are set forth in the complaint and construed in the light most favorable to the Plaintiff.

or about June 10, 2017. (*Id.* ¶ 9). He recounts instances of what he labels verbal harassment in May and early June 2017, leading to his decision to terminate his employment. (*Id.* ¶¶ 10, 13, & 17). In Count One, brought under FEPA, for discrimination based on sexual orientation, sex harassment, and hostile work environment, Plaintiff seeks compensatory damages, back pay, punitive damages, and attorneys' fees in the amount of $75,000. (*Id.* ¶¶ 24-33). Plaintiff asserts he has suffered anxiety, pain, suffering, mental anguish, embarrassment, humiliation, stress, and other non-economic damages, as well as pecuniary and other economic damages. (*Id.* ¶ 33). Count Two is for discrimination via constructive discharge under FEPA, and Plaintiff seeks compensatory damages, back pay, punitive damages, and attorneys' fees in the amount of $75,000. (*Id.* ¶¶ 34-41).

Plaintiff moved to remand this case to state court, contending that the complaint does not seek more than $75,000 in damages, thus negating the necessary amount in controversy to support diversity subject matter jurisdiction. (ECF No. 10, at 2). Defendant opposes remand, contending that the claims are separate and distinct and claiming that the ad damnum clauses in Plaintiff's complaint should be aggregated for jurisdictional purposes. (ECF No. 11). Plaintiff has filed a reply. (ECF No. 12).

## II. Analysis

The removal statutes are to be construed strictly and all doubts resolved against removal. *Green v. H & R Block, Inc.*, 981 F.Supp. 951, 953 (D.Md. 1997) (citing *Prevas v. Checkmate Investigative Servs., Inc.*, 951 F.Supp. 568, 569 (D.Md. 1996)). When a party seeks to invoke diversity jurisdiction under 28 U.S.C. § 1332, he bears the burden of demonstrating that the grounds for diversity exist. *See Barbour v. Int'l Union*, 640 F.3d 599, 605 (4th Cir. 2011) (en banc), *abrogated on other grounds by* 28 U.S.C. § 1446(b)(2)(B). Generally, "if removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2); *see also Wiggins v. N. Am. Equitable Life Assur. Co.*, 644 F.2d 1014, 1016-17 (4th Cir. 1981) (citing *McDonald v. Patton*, 240 F.2d 424, 425-26 (4th Cir. 1957) ("It is the firmly established general rule of the federal courts that the plaintiff's claim is the measure of the amount in controversy and determines the question of jurisdiction.")).

The question here is whether Count One and Count Two seek exactly the same damages, operating as merely alternative means for seeking the same relief — implicating the one harm one recovery rule. The one harm one recovery rule bars a party from recovering twice for the same injury. *See Gen. Tel. Co. of the Northwest,*

3

*Inc. v. EEOC*, 446 U.S. 318, 333 (1980); *United States v. Rachel*, 289 F.Supp.2d 688, 697 (D.Md. 2003). If the one harm one recovery rule applies, then Plaintiff would be correct that the jurisdictional threshold is not met because each count requests only $75,000 in monetary relief. *See* 28 U.S.C. § 1332(a). On the other hand, if the damages sought are not congruent, but merely overlapping, then aggregation is permitted. *See Griffin v. Red Run Lodge, Inc.*, 610 F.2d 1198, 1204 (4th Cir. 1979). When aggregated, the *ad damnum* clauses for both counts exceed the $75,000 jurisdictional threshold under 28 U.S.C. § 1332(a).

The parties debate whether Plaintiff's complaint outlines alternate legal theories or states multiple, distinct claims. Judge Xinis's recent analysis in *Arcangel v. Huntington Atlantic Hotels, LLC*, No. 18-cv-2313-PX, 2018 WL 5885517 (D.Md. Nov. 9, 2018), is illustrative. In *Arcangel*, Judge Xinis declined to extend the one harm one recovery rule to a case where the plaintiffs' hotel room was infested with bed bugs because the plaintiffs pleaded "at least three distinct offenses."[2] *Id.* at *3. Even though the claims arose from the same nucleus of facts, Judge Xinis concluded that the "claims are based on different

---

[2] Those three distinct offenses were: (1) the defendant hotel negligently placed the plaintiffs in a room with a pre-existing bed-bug infestation, (2) the defendant hotel violated the Maryland Consumer Protection Act by representing the room was free from infestation when it knew it was not, and (3) the defendant pest control contractor failed to exercise reasonable care while performing inspection services. *Arcangel*, 2018 WL 5885517, at *3.

4

conduct causing different harms" and noted that if plaintiffs prevailed on all three claims, they could recover full damages on each count because the three counts offer three distinct theories of recovery. *Id.* (citing *Johnson v. Xerox Educ. Sols. LLC*, No. 14-cv-15422-GJH, 2014 WL 5361302, at *4 (D.Md. Oct. 20, 2014) (differentiating distinct legal theories from alternate legal theories by analogizing alternate legal theories to an attempt to recover money paid for goods via breach of contract and fraud)).

Like *Arcangel*, although the allegations arise from the same nucleus of facts, Plaintiff pleads multiple distinct offenses. Plaintiff seeks damages in Count One to recover for the harms associated with discrimination and harassment in the workplace. (ECF No. 3, at 8-10). These harms include "anxiety, pain, suffering, mental anguish, embarrassment, humiliation, stress, and . . . [other] non-economic damages." (*Id.* ¶ 32). Plaintiff seeks damages in Count Two for harms associated with forced resignation due to discrimination and harassment in the workplace. (*Id.* ¶¶ 34-41). The harms in Count Two may be coextensive with the harms alleged in Count One, but in Count Two Plaintiff could also seek lost wages for the time after termination, whereas Count One would not entitle Plaintiff to those wages. Under Count One, Plaintiff could only recover lost income based, for instance, on a denial of

a promotion or a denial of a bonus.[3]  Consequently, like the plaintiffs in *Arcangel*, if Plaintiff proved he was discriminated against by Defendant, he would not then be precluded from recovering for the alleged constructive discharge because there are additional harms associated with constructive discharge.[4] *See Johnson*, 2014 WL 5361302, at *5.  Accordingly, the two counts do not seek exactly the same damages and assert slightly different harms.  Thus, the court's diversity jurisdiction is proper.

Because diversity jurisdiction is proper, it is not necessary to evaluate Defendant's alternative arguments for satisfying the jurisdictional threshold.

## III. Conclusion

For the foregoing reasons, the motion to remand filed by Plaintiff Daniel Hawkins will be denied.  A separate order will follow.

/s/<br>
DEBORAH K. CHASANOW<br>
United States District Judge

---

[3] Plaintiff claims he was denied promotions because of his sexual orientation.  (*See* ECF No. 3 ¶ 26).

[4] Md. Rule 2-305 empowers litigants to set forth alternate claims for relief, stating in relevant part:  "[r]elief in the alternative or of several different types may be demanded." Plaintiff asserts Count One and Count Two are claims to relief in the alternative but fails to indicate at any point in his complaint that these claims are, in fact, in the alternative.  (*See* ECF No. 3).  Instead, Plaintiff incorporates the allegations underlying Count One into Count Two and adds the allegation that Plaintiff was forced to resign because of, *inter alia*, the conduct alleged in Count One (*See Id.* at 11-12), implying Count Two builds off Count One as opposed to operating in the alternative.